IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLY CARL LYONS,

Plaintiff, No. CIV S-01-0412 LKK KJM P

vs.

D. BAUGHMAN,

Defendant. PRETRIAL ORDER

_______________________________/

As required by court order the parties have submitted pretrial statements. Upon review of the statements and the remainder of the file, and good cause appearing therefor, this court makes the following findings and orders:

JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331 arising under 42 U.S.C. § 1983. Venue is proper. There is no dispute over either jurisdiction or venue.

JURY/NON-JURY

Both parties have timely requested trial by jury.

/////

/////

/////

UNDISPUTED FACTS

1. Plaintiff Willy Carl Lyons was in the custody of the California Department of Corrections at California State Prison-Sacramento (CSP-Sac), Pelican Bay State Prison (PBSP) and SalinasValley State Prison (SVSP) at the times material to this action.

2. Defendant Baughman was a correctional sergeant at CSP-Sac at times material to this action.

3. On or about September 27, 1996, defendant Baughman received information that Hispanic inmates were planning an attack on Black inmates.

4. Defendant Baughman relayed information about the attack to plaintiff.

5. Blacks and Hispanics were released together to the yard on September 27, 1996; shortly thereafter, Hispanic inmates attacked Black inmates, touching off a racial disturbance.

6. On November 10, 1996, plaintiff filed a grievance, asking to be placed in protective custody.

7. Plaintiff later wrote a letter to Warden Hubbard, expressing concern for his safety.

8. Plaintiff was transferred to PBSP on July 9, 1997 and to SVSP in 1999.

9. On March 22, 2000, plaintiff was assaulted by inmates Hill and Williams. Inmate Hill had been housed at CSP-Sacramento during the disturbance of 1996.

DISPUTED FACTUAL ISSUES

1. Whether Baughman told plaintiff that the rumors of an attack on September 27, 1996 were false.

2. Whether Baughman asked plaintiff to assure Black inmates that the rumors of an attack by the Hispanics were false.

3. Whether plaintiff informed defendant Baughman of his safety concerns after the racial disturbance.

4. Whether defendant Baughman should have been aware of potential threats to plaintiff's safety stemming from their interaction on September 27, 1996.

5. Whether defendant Baughman failed to document plaintiff's concerns about his safety.

6. Whether plaintiff continued to associate with members of the Bloods even after expressing concerns about his safety.

DISPUTED EVIDENTIARY ISSUES

The admissibility of the following evidence will be disputed at trial:

The testimony or declaration of inmate Victor Green, plaintiff's witness.

SPECIAL FACTUAL INFORMATION

None applicable.

RELIEF SOUGHT

In the findings and recommendations of March 15, 2004, this court found plaintiff is not entitled to injunctive relief or compensatory damages but could seek nominal and punitive damages for the violation of his Eighth Amendment rights. The district court adopted these findings and recommendations on March 31, 2004.

POINTS OF LAW

The parties shall brief the elements, standards and burden of proof of the claims herein presented by plaintiff under the applicable constitutional amendment, statutes and regulations. Trial briefs shall be filed with this court no later than ten days prior to the date of trial in accordance with Local Rule 16-285.

ABANDONED ISSUES

No issues have been abandoned.

WITNESSES

Plaintiff anticipates calling, either in person or by deposition:

Victor Green

Defendants anticipate calling, either in person or by deposition:

A. M. Baughman

B. J.P. Walker

C. Feryance

D. S. Vance

E. C. McKay

F. A. Murphy, expert witness on prison gang and disruptive group debriefing and placement in protective custody.

G. S. Contreras, expert on African-American prison gangs and disruptive groups.

H. Cynthia Scholl, CSP-Sacramento custodian of records, although defendant requests that this witness be allowed to authenticate the documents by declaration.

Each party may call any witness(es) designated by the other.

No other witness will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

Upon the post pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:

(1) The witnesses could not reasonably have been discovered prior to pretrial;

(2) The court and the opposing party were promptly notified upon discovery of the witnesses;

(3) If time permitted, the party proffered the witnesses for deposition;

(4) If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff anticipates offering:

A. 602 appeal dated October 31, 1996.

B. Director's Level Decision dated April 18, 1997.

C. Memorandum by D. Conner dated December 30, 1996.

D. Appeal Decision dated January 17, 1997.

E. Appeal dated November 10, 1996.

F. Appeal Decision dated May 1, 1997.

G. Correspondence of Hubbard dated December 2, 1996.

H. General Chrono dated December 28, 1997.

I. Appeal dated May 10, 1997.

J. Appeal Decision dated August 22, 1997.

K. Rules Violation Report dated May 4, 1997.

L. Appeal dated March 25, 2000.

M. Letter of Willy Lyons, dated December 4, 1996.

N. Appeal dated August 17, 2001.

O. Appeal dated May 10, 2000.

P. Appeal dated September 4, 1998.

Q. Rules Report, Part C dated March 14, 2001.

R. Declaration of Victor Green.

S. Dental records.

T. Video tape of June 30, 1997 cell extraction.

U. All exhibits attached to the complaint.

V. Medical reports dated March 22, 2000.

W. Memorandum: Determinants for Level IV Placement.

X. Letter dated February 25, 1999.

Y. Appeal dated April 14, 1999.

Z. Letter of Edwards dated April 27, 1999.

AA. Memorandum dated April 29, 1999.

BB. CDC 114 D dated March 22, 1999.

CC. Classification chrono dated June 19, 1997.

DD. Classification chrono dated July 23, 1997.

EE. Rules report, part C dated March 12, 1997.

FF. Letter from J. Mejia dated December 4, 1997.

GG. CDC 114 D dated January 21, 1997.

HH. Letter from T.L. Rosario dated February 28, 1997.

II. Classification chrono dated November 14, 1996.

JJ. CDC 115 dated July 5, 1997.

KK. CDC 114 D dated October 17, 1998.

LL. CDC classification chrono dated November 4, 1998.

MM. Medical records dated October 17, 1998.

NN. CDC classification chrono dated August 19, 1999.

OO. Memorandum dated January 24, 1997.

PP. Letter to Hubbard by Kidd dated May 4, 1997.

QQ. Letter to Warden White dated October 30, 1996.

RR. Memorandum dated April 11, 1997.

SS. Appeal dated March 7, 1997.

TT. Appeal decision dated July 18, 1997.

UU. CDC 114 D dated March 9, 1997.

VV. Letter to Walker dated May 9, 1997.

XX. Letter to T. Rosario dated February 14, 1997.

YY. Operation Manual section 61020.1 through 61020.6.

ZZ. Defendant's Response to Plaintiff's Request for Production of Documents.

AAA. Defendant's Response to Plaintiff's Request For Admissions.

BBB. Defendant's Response to Plaintiff's Interrogatories.

Defendants anticipate offering:

A. Abstract(s) of Judgment representing plaintiff's felony conviction(s) and sentence(s).

B. Abstract(s) of Judgment representing felony conviction(s) and sentence(s) of plaintiff's inmate witness, V. Green.

C. CDC 114-D (Administrative Segregation Placement Notice) dated 9-29-96.

D. CDC 114-D (Administrative Segregation Placement Notice) dated 10-17-98.

E. Rules Violation Report (CDC 115's) dated 9-27-96 for staff assault during a racial disturbance.

F. Rules Violation Report (CDC 115's) dated 10-17-98 for mutual combat.

G. CDC 128-G (Classification Chrono) dated 11-4-98.

H. CDC 837, Crime/Incident Reports, Log Number PBP-AYD-97-11-0749 dated 11-21-97.

I. CDC 837, Crime/Incident Reports, Log Number SVP-FD5-01-03-0130 dated 3/2/01.

J. Plaintiff's inmate appeal dated 11-10-96 (no log number is assigned on defendant's copy) and all responses thereto.

K. Plaintiff's letter to Warden Hubbard dated 12-27-96 and all responses thereto.

L. Plaintiff's letter to Associate Warden Rosario dated 2-14-97 and all responses thereto.

M. CDC Chronological history, gang affiliation history, and CDC Rules Violation Reports plaintiff's inmate witness, Victor Green.

Both parties shall exchange copies of their exhibits thirty days before trial.

Each party will file any objections to exhibits ten days before trial. Each exhibit not previously objected to will be forthwith received into evidence. Plaintiff will use numbers to mark exhibits; defendant will use letters.

No other exhibits will be permitted to be introduced unless:

1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or
2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

Upon the post pretrial discovery of exhibits, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

1. The exhibits could not reasonably have been discovered earlier;
2. The court and the opposing party were promptly informed of their existence;
3. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to bring an original and one copy of each exhibit to trial. The original exhibit becomes the property of the court for purposes of trial. The copy is for bench use during trial.

/////

DISCOVERY DOCUMENTS

Plaintiff anticipates using:

A. Videotape of June 30, 1997 cell extraction.

B. Rules Report Part C dated March 12, 1997.

C. Defendant's Response to Plaintiff's Request For Production of Documents.

D. Defendant's Response to Plaintiff's Request For Admission.

E. Defendant's Response to Plaintiff's Interrogatories.

Defendants anticipate the use of portions of the transcript of plaintiff's deposition.

FURTHER DISCOVERY OR MOTIONS

Discovery closed on March 21, 2003.

Plaintiff has filed a motion in limine on November 16, 2005. Any further motions in limine must be filed seven days prior to the trial.

STIPULATIONS

At this time the parties have reached no stipulations.

AMENDMENTS/DISMISSALS

None.

SETTLEMENT NEGOTIATIONS

Plaintiff is willing to settle the case without trial, but defendant does not believe settlement negotiations or a settlement conference would be helpful.

AGREED STATEMENTS

None.

SEPARATE TRIAL OF ISSUES

Not applicable.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Not applicable.

/////

ATTORNEYS' FEES

Plaintiff is proceeding in propria persona at this time and is not entitled to attorney’s fees. Defendant does not seek attorneys' fees.

TRIAL CONFIRMATION HEARING

A trial confirmation hearing is set for February 13, 2006 at 11:15 a.m. before the Honorable Lawrence K. Karlton in Courtroom 4. Plaintiff will attend through video conferencing.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for May 2, 2006 at 10:30 a.m. in Courtroom 4 before the Honorable Lawrence K. Karlton. Trial is anticipated to last three days.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties are directed to Local Rule 47-162(a) and Local Rule 51-163(a) for procedures and time limits regarding proposed voir dire and proposed jury instructions, respectively. The provisions of said local rules notwithstanding, the parties shall file proposed voir dire and proposed jury instructions, if any, not later than fourteen days before the date set for trial.

MISCELLANEOUS

Plaintiff's present custodian shall provide for plaintiff's presence at trial as called for by the writ of habeas corpus ad testificandum to be issued. All parties shall take any steps necessary to facilitate execution of said writ. The parties and plaintiff's custodian are cautioned that sanctions will be imposed for failure to comply with court orders.

Counsel are directed to Local Rule 16-285 regarding the contents and the deadline for filing trial briefs.

Defendant requests that the trial be bifurcated on the issue of punitive damages.

/////

/////

OBJECTIONS TO PRETRIAL ORDER

Each party is granted twenty days from the date of this order to file objections to same. If no objections are filed, the order will become final without further order of this court.

DATED: December 29, 2005.

UNITED STATES MAGISTRATE JUDGE

2/lyon0412.pto