IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLY CARL LYONS,

      Plaintiff,                        No. CIV S-01-0412 LKK KJM P

   vs.

D. BAUGHMAN,

      Defendant.                ORDER

_____/

      Plaintiff has filed a request for reconsideration of this court's order filed March 31, 2004, granting defendants' motion for summary judgment in part and denying it in part.

Standards For Motions To Reconsider

      Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly

1 erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d
2 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985).
3       Courts construing Federal Rule of Civil Procedure 59(e), providing for the
4 alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle
5 permitting the unsuccessful party to "rehash" arguments previously presented, or to present
6 "contentions which might have been raised prior to the challenged judgment." Costello v. United
7 States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260,
8 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa.
9 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and
10 promoting judicial efficiency." Costello, 765 F. Supp. at 1009.
11       In the instant action, plaintiff offers the memorandum from the Ninth Circuit
12 Court of Appeals, upholding this court's determination that defendant Baughman was not
13 entitled to qualified immunity. Plaintiff argues that the Ninth Circuit found a causal link between
14 Baughman's actions and plaintiff's injuries. Plaintiff's characterization of the memorandum is
15 incorrect: the Court of Appeals noted that the only question before it was the denial of
16 Baughman's motion for summary judgment. It specifically noted it could not reach the questions
17 of causation which plaintiff asks this court to revisit. Lyons v. Baughman, No. 04-15797, slip.
18 op. at 2 n.2 (9th Cir. March 3, 2005).
19 Plaintiff has suggested nothing else which would support his request for reconsideration.
20       Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's
21 order of March 31, 2004 is affirmed.
22 DATED: January 11, 2006.
23
24                            /s/Lawrence K. Karlton
                           UNITED STATES DISTRICT JUDGE
25 /lyon0412.850
26