1 | KING HALL CIVIL RIGHTS CLINIC
CARTER WHITE, CSB #164149
2 | University of California
School of Law
3 | One Shields Avenue
Davis, CA  95616-8821
4 | (530) 752-5440

5 | Attorney for Plaintiff
WILLY CARL LYONS

9 | UNITED STATES DISTRICT COURT

10 | EASTERN DISTRICT OF CALIFORNIA

11 | WILLY CARL LYONS,                    )        NO. CIV S-01-0412 LKK KJM P
                                        )
12 |              PLAINTIFF,             )
                                        )        **STIPULATED PROTECTIVE ORDER**
13 | vs.                                 )        **FOR   CONFIDENTIALITY   OF**
                                        )        **DOCUMENTS**
14 | D. BAUGHMAN,                        )
                                        )        **(With court clarification at footnote 1)**
15 |              DEFENDANT.             )
    ————————————————————————            )

17 |        IT IS STIPULATED BY THE PARTIES AND ORDERED BY THE COURT AS

18 | FOLLOWS:

19 |        **A.  CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER**

20 |        During the course of discovery, Plaintiff requested all documents, files, memos and letters,

21 | including written reports, pertaining to the safety concerns of the Plaintiff.  Some, if any, of these

22 | documents relating to Plaintiff's safety may be located in Plaintiff's Central file, which is created

23 | and maintained by the California Department of Corrections and Rehabilitation.

24 |        The information contained in the Central file may contain inflammatory statements made by

25 | other inmates, who have been identified as enemies of the Plaintiff.  Release of any such material

26 | might violate the privacy rights of non-party inmates and may jeopardize the safety and security of

27 | the institution as well as inmates or other correctional personnel if disclosed.  Central files contain

28 | /////

1  privileged official information including information that is of a inflammatory, sensitive, and

2  confidential nature and as such the release of this information to an inmate may not be appropriate.

3      With respect to this records, the parties stipulate to the following procedure: (1) Before

4  CDCR releases these records to plaintiff, the parties will meet and confer to determine whether they

5  can agree that the records are not likely to lead to the discovery of relevant evidence and, therefore,

6  need not be produced, or are likely to lead to the discovery of relevant evidence and will be

7  produced subject to the conditions set forth below; (2) if the parties do not agree, then the documents

8  in question will be presented to the Court for its in camera review on or before 5:00 p.m. November

9  29, 2006 to determine whether such records are sufficiently likely to lead to the discovery of relevant

10  evidence in this case to warrant disclosure given the legal restrictions and security concerns

11  connected to these records; and (3) documents ordered to be produced after the in camera review

12  will be subject to the conditions of this protective order as set forth below.

13  **B. CONDITIONS FOR RELEASE OF CONFIDENTIAL MATERIAL**

14      Because of their relevance to this action, however, the CDC will produce Plaintiff's Central

15  file, including but not limited to, all material deemed confidential subject to this protective order and

16  on the following conditions:

17      1.  The confidential material may be disclosed only to the following persons:

18      (a)  Counsel of record for Plaintiff in this action;

19      (b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel

20  for Plaintiffs;

21      (c) Court personnel and stenographic reporters engaged in such proceedings as are incidental

22  to the preparation for the trial in this action;

23      (d)  Any outside expert or consultant retained by Plaintiffs' counsel for purposes of this

24  action;

25      (e)  Witnesses to whom the confidential material may be disclosed during or in preparation

26  for a deposition taken in this matter or otherwise during the preparation for trial and trial, provided

27  that the witness may not leave any deposition with copies of any of the confidential material, and

28  shall be informed and agree to be bound by the terms of this order;

1  2. Plaintiff's Counsel is prohibited from disclosing any confidential material or information

2  to Mr. Lyons or any inmate, presently or previously, in the custody of the California Department of

3  Corrections and Rehabilitation.

4  3. Plaintiffs' counsel and his legal assistants and consultants shall not make copies of the

5  confidential material except as necessary for purposes of this litigation.

6  4. Each person to whom disclosure of the confidential material is made shall, prior to the

7  time of disclosure, be provided by the person furnishing such materials a copy of this protective

8  order, and shall agree in writing that he or she has read the stipulated protective order, and

9  understands its provisions and conditions.  The writing shall include the express consent of the

10  person to whom the disclosure is made to be subject to the jurisdiction of this Court with respect to

11  any proceeding related to enforcement of this stipulated protective order, including without

12  limitation, any proceeding for contempt.

13  5. All confidential material in possession of Plaintiffs' counsel shall be destroyed or returned

14  to the CDCR within 30 days of the time it is no longer needed for purposes of this litigation.

15  6. When Plaintiffs' counsel returns or destroys the confidential material, he shall provide

16  Defendants' counsel with a declaration stating the all confidential material has been returned or

17  destroyed.

18  7. All confidential material obtained by Plaintiffs' counsel shall not be disclosed except as

19  is necessary in connection with this or related litigation, including appeals, and not for any other

20  purpose, including any other litigation.

21  8. Any confidential material filed with the Court by either party shall be filed and

22  maintained under seal.[1]

23  9. Nothing in this protective order is intended to prevent officials or employees of the State

24  of California, or other authorized government officials, from having access to confidential material

25  to which they would have access in the normal course of their official duties.

26

27  [1] The court directs counsel to follow the procedures set forth in Local Rules 39-140 and
39-141 in seeking to file any documents under seal.  Documents will be filed under seal only if and
28  when the court approves sealing.

1         10.  The provisions of this protective order are without prejudice to the right of any party:

2         (a)  To apply to the Court for a further protective order relating to any confidential material

3 or relating to discovery in this litigation;

4         (b)  To apply to the Court for an order removing the confidential material designation from

5 any documents;

6         (c)  To object to a discovery request.

7         11.  The provisions of this order shall remain in full force and effect until further order of this

8 Court.

9         IT IS SO STIPULATED.

10         Date:   November 8, 2006         ____/S/__Carter C. White_____

11                                               Carter C. White
                                            Supervising Attorney

12                                             Attorney for Plaintiff

13         Date:   November 8, 2006         ____/S/ Kelli Hammond_____

14                                               Kelli Hammond
                                            Deputy Attorney General

15                                             Attorney for Defendant

16         IT IS SO ORDERED.

17         Date:   November 14, 2006.         _____

18                   U.S. MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28