Carter C. White, CSB # 164149
U.C. Davis Civil Rights Clinic
One Shields Avenue, Bldg. TB-30
Davis, CA  95616-8821
(530) 752-5440
Fax (530) 752-5788
ccwhite@ucdavis.edu

Assisted by:  Nicholas Muscolino,
              Certified Law Student

Counsel for Plaintiff:
Willy Carl Lyons

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLY CARL LYONS, | NO. CIV S-01-0412 LKK KJM P |
| Plaintiff, | **APPOINTED COUNSEL'S SECOND EX PARTE REQUEST** |
| vs. | **FOR AUTHORITY TO INCUR COSTS (trial transcript and expert witness) AND** |
| D. BAUGHMAN, et al. | **REQUEST FOR PAYMENT** |
| Defendants. | |

PART I

I, Carter C. White, declare:

1. I am an attorney admitted to practice law in the State of California and in the United States District Court for the Eastern District of California. I am the Supervising Attorney of the King Hall Civil Rights Clinic ("Clinic"), appointed attorney of record for plaintiff in this action.

2. In this case the plaintiff, Mr. Lyons, a California state prisoner, alleges that the Defendants, Baughman and Walker, are liable for damages for violating plaintiff's right to be free from deliberate indifference to his health and safety under the Eighth Amendment. The Court appointed the Clinic to represent plaintiff in July 2006 (see Doc. 124). The case was tried to a jury in January 2008. On January 18, 2008, after the jury was unable to reach a unanimous verdict, the Court declared a mistrial (see Doc. 204). At a subsequent status conference, the Court set the case for a second jury trial (see Doc. 207).

//

3. The second trial is set to begin on February 18, 2009. In order for the Clinic to adequately and effectively represent Mr. Lyons in this second trial, I believe it is reasonably necessary for two substantial expenditures of funds to be made.

4. First, I believe it is necessary for counsel for plaintiff to acquire a transcript of the testimony of all witnesses from the first trial. It is anticipated that most or all of the witnesses from the first trial will testify at the second trial, and a complete transcript of the testimony from the first trial is essential to properly prepare the plaintiff and his witness, as well to effectively cross-examine the defense witnesses. A certified law student working under my supervision has contacted the court reporter, whose estimate for a transcript of the trial testimony (without jury selection or opening or closing statements) is $1,387.

5. Second, I believe that it is necessary for the Clinic to again utilize the services of the plaintiff's expert witness in this case, correctional expert Mr. James Esten. Mr. Esten was Mr. Lyons' principal witness in the first trial and will need to be compensated to prepare for and testify at the second trial. The cost of retaining this expert for the second trial is not expected to exceed $ 4,000. I will do all that I can to keep the expert costs minimal and reasonable, and have asked for here an amount that is hoped to be the maximum needed.

6. To date no other cost payments have been approved by the Court in this case. The Clinic filed a Request for Authority to Incur Costs in October 2007 (Doc. 173) requesting an advance to cover expert witness expenses in connection with the first trial, but the Court did not rule on that request. To date the Clinic has incurred just under $7,000 in expenses for this expert ($6953.64), and it is doubtful that we can continue representing Mr. Lyons in the second trial without Court approval of this request.

7. I understand and agree that all of the costs requested of, and paid by the Court in this case will be reimbursed out of any recovery or settlement received for the plaintiff.

8. Based upon the foregoing, I request that this Court authorize the expenditure of $5,400 for a transcript of the first trial and the retention of an expert witness on the issue of plaintiff's failure to protect claims as described herein.

//

1  I declare under penalty of perjury that the foregoing is true and correct and that this is
2  executed this 2nd day of October 2008, in Yolo County, California.

3                                                              */S/ Carter C. White*

4                                                              _____
                                                                Carter C. White
5                                                              Attorney for Plaintiff

17  The above expenditure is

18        __X__           Approved.

19        _____        Disapproved.

21  Dated: October 9, 2008.

                                          _____
                                          LAWRENCE K. KARLTON
                                          SENIOR JUDGE
                                          UNITED STATES DISTRICT COURT