UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLY CARL LYONS,

        NO. CIV. S-01-412 LKK/KJM P

    Plaintiff,

  v.                                   O R D E R

D. BAUGHMAN,

    Defendant.

    Plaintiff Willy Carl Lyons is a state prisoner who brought suit for defendants', as employees of the California Department of Corrections and Rehabilitation, failure to protect him from assault by other prisoners in February 2001. The court entered judgment for defendants after a jury was unable to reach a unanimous verdict. Pending before the court is defendants' Bill of Costs totaling $3,353.82 and plaintiff's objections thereto.

### I. Background

    On February 2002 the court granted plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Doc. No.

1

5. On May 7, 2009 a jury ruled in favor of defendants on plaintiff's allegations of violations of his Eight Amendment rights. The first case ended in a mistrial after the jury was unable to reach a unanimous verdict of seven to one in favor of defendants. On the same date this court entered a judgment for defendants. Defendants now seek an award of costs in the amount of $3,353.82. Plaintiff objects to defendants' Bill of Costs for failing to provide necessary documentation, because plaintiff is indigent, and because billing plaintiff for costs would chill future civil rights cases.

## II. Standard

Federal Rule of Civil Procedure 54(d)(1) and Eastern District Local Rule 54-292(f) govern the taxation of costs, other than attorney's fees, to the prevailing party in a civil matter. Under Federal Rule of Civil Procedure 54(d)(1), unless a federal statute, the Federal Rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). Trial courts do not have discretion to tax whatever costs seem appropriate. Courts may tax only costs defined in 28 U.S.C.A. § 1920 and Local Rule 54-292.

Parties prevail when judgment is entered in their favor. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1021-23 (9th Cir. 2002). Under Federal Rule of Civil Procedure 54(d), there is a presumption in favor of awarding costs to the prevailing party, which can only be overcome when the court exercises its discretion to disallow costs for specific reasons. Ass'n of

Mexican-Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) (en banc).

### III. Analysis

Defendants seek recovery of costs, to which plaintiff objects to defendants' Bill of Costs based on inadequacy of documentation, plaintiff's indigence and the effect payment would have on discouraging future civil rights cases. Defendants have responded to plaintiff's objections and clarify line items in defendants' Bill of Costs.

**A.  Defendants' right to costs under Federal Rule of Civil Procedure 54(d).**

When this court entered judgment in defendants' favor, defendants are the prevailing party as required under Federal Rule of Civil Procedure 54(d). In cases brought under § 1983, a plaintiff is considered to have prevailed if the legal relationship between the parties has been materially altered and if he or she has obtained at least some relief on the merits of the claims. Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). The court, however, has discretion to refrain from awarding costs or fees to a prevailing plaintiff if the verdict, although favorable to the plaintiff, would benefit him in no way. Id. at 110 & n.3 (although plaintiffs obtained declaratory judgment in their favor against defendant prison officials, they were not "prevailing parties" because they were no longer inmates at the institution in question and therefore would not benefit from the judgment); see also Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999);

1  Ass'n of Mexican-American Educators, 231 F.3d at 591. In exercising
2  that discretion, a district court must "specify reasons" for its
3  refusal to award costs. Ass'n of Mexican-American Educators, 231
4  F.3d at 591.

5      A prevailing party is entitled to recover costs even in the
6  case of indigent prisoner litigants who have been granted leave to
7  proceed in forma pauperis. Monroe v. U.S. Marshals, 101 F.3d 706
8  (9th Cir. 1996). However, in a civil rights action, consideration
9  of a plaintiff's limited resources is an appropriate reason for
10 denial of costs. Ass'n of Mexican-American Educators, 231 F.3d at
11 593.

12     Here, although plaintiff did not prevail in his claims in this
13 action, his claims were not without merit. The jury in the first
14 case was unable to reach a unanimous verdict, which "reflects the
15 difficult constitutional issues the jury faced and the varying
16 conclusions individual jurors may reach when assessing the
17 reasonableness of particular conduct." Antoine v. County of
18 Sacramento, No. CIV. S-06-01349 WBS GGH, 2009 WL 1260318 at *2
19 (E.D.Cal. May 6, 2009).

20     Additionally, "imposing costs on losing civil rights
21 plaintiffs of modest means may chill civil rights litigation" that
22 is important to the legal system. Stanley, 178 F.3d at 1080.
23 Plaintiff's argument that he is indigent is compelling and has been
24 supported by evidence. Doc. No. 5. In this case, the costs
25 plaintiff faces are significantly less than the award the plaintiff
26 faced in Stanley. Nevertheless, imposition of a payment of

4

$3,353.82 against an individual who is indigent would be inequitable. Based on the evidence of the plaintiff's limited financial resources and the possibility that the imposition of the award would have a chilling effect on civil rights litigants, this court denies defendants' Bill of Costs in its entirety.[1]

## V. Conclusion

In accordance with the above analysis, the court orders as follows:

Defendants' Bill of Costs is DENIED.

IT IS SO ORDERED.

DATED: August 21, 2009.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff objects to specific line items of defendants' Bill of Costs. The Ninth Circuit has held that, as long as the items fall within the taxable costs of § 1920 and any applicable Local Rule, the cost is permissible. Alflex Corp. V. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990). However, this court need not address plaintiff's line item objections because this court denies defendants' costs in its entirety.

5